UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARCUS LORENZO WALLACE,

        Plaintiff,

v.

BRENT FLECK et al.,

        Defendants.

_____/

Case No. 1:18-cv-1343

Honorable Janet T. Neff

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's federal claims with prejudice for failure to state a claim and Plaintiff's state-law claims without prejudice.

**Discussion**

    I.    <u>Factual allegations</u>

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The

events about which he complains occurred at that facility. Plaintiff sues IBC itself, IBC Prisoner Counselor Brent Fleck, and IBC Warden Tony Trierweiler.

Plaintiff's complaint contains few factual allegations, which are scattered across several pages of the complaint. He asserts the following:

> (1) After my alerting defendant #1 Mr. Fleck that I was in a[] hostile environment because of issues with other inmate[]s, he disregarded my issue violating MDOC policies . . . as well as MCLS sub. sec. 691.1407(8)(a), causing me to be assaulted by another inmate, violating my U.S. Const. Amendment (VIII) rights.
>
> (2) Defendant #2, Mr. Trierweiler also disregarded my issue as the (IBC) step II grievance respondent . . . .
>
> (3) By (IBC) Corr-Facility (Warden), defendant #2 and their employee (PC), defendant #1 intentionally violating their MDOC policies, Mich Compiled Laws Service as well as my U.S. Const. rights, by dereliction of their duties and "gross negligence[,"] it's clear they acted "under color of ordinance, regulation, custom, law!"
>
> * * *
>
> I spoke with Defendant #1 Mr. Fleck about my issue with the gang members on 6-27-18 during morning yard at approx. 8:40 a.m.
>
> I was attacked and assaulted later the same day 6-27-18 during lunch chow lines at approx. 11:35 a.m.
>
> * * *
>
> I was attacked and assaulted by another inmate in front of everyone during lunch chow lines, as a result of the defendant[s'] disregard for my issue and complaint and their dereliction [of] duty.

(Compl., ECF No. 1, PageID.5-7.) As the result of the attack, Plaintiff suffered a "busted lip which required no medical treatment, as well as mental distress. (*Id.*, PageID.8.)

Plaintiff seeks $50,000 in punitive damages.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

2

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

3

### III. Defendant Bellamy Creek Correctional Facility

Plaintiff sues the IBC, alleging that it is responsible for the actions of the officials at IBC. IBC is a subdivision of the MDOC. Plaintiff may not maintain a § 1983 action against the MDOC or its subdivisions. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)). Therefore, the Court dismisses the IBC, because it is immune from suit.

### IV. Defendant Trierweiler

Plaintiff fails to make specific factual allegations against Defendant Trierweiler, other than his claim that Trierweiler failed to respond adequately to the grievance Plaintiff apparently filed after he had been assaulted. Plaintiff also suggests that Defendant Trierweiler

failed to supervise his subordinates, in violation of his constitutional rights, prison policies and Michigan law.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Trierweiler engaged in any active unconstitutional behavior. Accordingly, he fails to state a § 1983 claim against Defendant Trierweiler based on Defendant Trierweiler's failure to supervise and failure to respond adequately to Plaintiff's grievance.

Moreover, to the extent that Plaintiff alleges violations of state law and policy, he fails to state a federal claim. Claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendant violated state law therefore fails to state a claim under § 1983.

V.      Defendant Fleck

Plaintiff alleges that he "alert[ed] defendant . . . Fleck that [he] was in a[] hostile environment because of issues with other inmate[]s," but Fleck "disregarded [his] issue . . . ." (Compl., ECF No. 1, PageID.5.) He later alleges that he "spoke with Defendant . . . Fleck about [his] issue with the gang members . . . ." (*Id.*, PageID.6.) Plaintiff contends that Defendant Fleck's "dereliction [of] duty" caused him to be assaulted. (*Id.*, PageID.7.) Plaintiff argues that Defendant Fleck's failure to act violated Plaintiff's Eighth Amendment rights.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

6

To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766-67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766.

Plaintiff's allegations against Defendant Fleck fall far short of demonstrating that Fleck "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]." *Id.* Plaintiff states that he told Defendant Fleck that he had issues with other inmates and was in a hostile environment. Nothing about such generalized, conclusory statements would lead to a reasonable inference that Plaintiff faced a substantial risk of serious harm. Moreover, the mere fact that Plaintiff subsequently was assaulted and received a "busted lip" (Compl., ECF No. 1 at PageID.8), even if accepted as amounting to serious harm, does nothing to demonstrate that Defendant Fleck had sufficient information to infer that there existed a substantial risk of such an assault, much less to demonstrate that Defendant Fleck actually drew the inference.

As a consequence, Plaintiff's conclusory allegations fall short of stating an Eighth Amendment claim for failure to protect.

VI.     State-Law Claims

Plaintiff alleges that Defendants violated a variety of MDOC policies and state laws. To the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over his state-law claims, the Court declines to exercise jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id*. Because Plaintiff fails to state a claim under federal law, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will dismiss Plaintiff's state-law claims without prejudice.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   December 18, 2018            /s/ Janet T. Neff
                                      Janet T. Neff
                                      United States District Judge